**NOT FOR PUBLICATION**                    **CASE CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KERRY EHRHART, on behalf of herself and all others similarly situated, and WILLIAM EHRHART, her husband, | |
| Plaintiffs, | Civil Action No. 07-01237 (SDW) |
| v. | |
| SYNTHES (USA); SYNTHES, A.G.; ABC CORPS 1-10, | **OPINION** |
| Defendants. | December 21, 2007 |

**WIGENTON**, District Judge.

Before this Court is Defendant Synthes USA's ("Synthes" or "Defendant") Motion to Dismiss, Strike, or for a More Definite Statement on Plaintiffs' Class Action Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6), (e), and (f), respectively. The Court, having considered the parties' submissions and having decided the motion without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth below, **DENIES** Defendant's motion in part and **GRANTS** it in part.

## I.     JURISDICTION AND VENUE

This Court has diversity jurisdiction over Plaintiffs Kerry and William Ehrhart's ("Plaintiffs") claims pursuant to 28 U.S.C. § 1332 as the amount in controversy is $5,000,000 and diversity of citizenship exists between Defendant, Plaintiffs and members of the proposed class. Venue is proper pursuant to 28 U.S.C. § 1391(a).

1

## II.    BACKGROUND FACTS

Defendants collectively research, develop, manufacture, and market radius plates that are

screwed directly on to bone fragments.  (Compl. ¶¶ 6-7.)  The plates stabilize and isolate the

bone fragments, allowing the bone to heal.  (Compl. ¶¶ 7-8.)  Plaintiff is a proposed class

consisting of individuals who received or had implanted Defendants' plates (the "Class").

(Compl. ¶ 15.)  On March 15, 2007, Plaintiff filed a Complaint alleging that Defendants

"negligently manufactured, promoted, advertised, and sold" these plates to patients with fractured

or broken bones while having actual or constructive knowledge that their components could

cause serious injury.  (Compl. ¶¶ 9-10.)  Plaintiffs, on behalf of themselves and the Class, allege

seven separate causes of action against Defendants: (1) negligent design,  manufacture,

marketing, promotion, and sale (Compl. ¶ 9); (2) affirmative misrepresentations and

unconscionable commercial practices in violation of New Jersey's Consumer Fraud Act, N.J.S.A.

56:8-1 et. seq. (Compl. ¶¶ 9, 32, 37); (3) fraudulent failure to disclose information to members of

the Class, the medical community, and the U.S. Food & Drug Administration ("FDA") (Compl.

¶¶ 13, 28, 42); (4) breach of express warranty (Compl. ¶¶ 45-47, 51, 54); (5) breach of implied

warranty (Compl. ¶¶ 49-51); (6) negligence (Compl. ¶¶ 53-54); and (7) establishment of a fund

for treatment and medical monitoring of affected Synthes plate users (Compl. ¶¶ 56-58).

Defendant Synthes, A.G. has made no appearance nor filed any response to Plaintiffs'

Complaint as of this date while Defendant Synthes concurrently filed an Answer and Motion to

Dismiss, Strike, or for a More Definite Statement pursuant to Fed. R. Civ. P. 12(b)(6), (e), and

(f), respectively.   Defendant's motion seeks, inter alia, five forms of relief: (1) an order striking

Plaintiffs class action allegations pursuant to Fed. R. Civ. P. 12(f) (specifically ¶¶ 14-19, and all

2

other allegations in the complaint referring to the putative Class), or alternatively, ordering

pursuant to Fed. R. Civ. P. 12(e) a more definite statement of those allegations; (2) an order

dismissing Counts II and III for failure to state a claim based on non-compliance with Fed. R.

Civ. P. 9(b), and based on the content of Synthes' Package Insert; (3) an order dismissing Counts

V and VI for failure to state a claim, or in the alternative, an order striking the counts as

redundant; (4) an order striking ¶¶ 39 and 53 of the complaint to the extent that they allege that

Synthes failed to provide information to the FDA; and (5) an order dismissing the complaint as to

William Ehrhart ("Ehrhart') for failure to state a claim. (Def.'s Br. at 1).

## III.   LEGAL STANDARD

### A.   Motion to Dismiss pursuant to Rule 12(b)(6)

The Court must review Defendant's Motion to Dismiss according to the standard set forth

in Fed. R. Civ. P. 12(b)(6).  The court must accept as true all material allegations of the

complaint and it must construe the complaint in favor of the Plaintiff.  *Warth v. Seldin*, 422 U.S.

490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478,

483 (3d Cir. 1998).  Generally, when reviewing a 12(b)(6) motion, the court may only consider

the complaint, exhibits attached to the complaint, matters of public record, and undisputedly

authentic documents if the plaintiff's claims are based upon those documents.  *Pension Benefit*

*Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The court, however,

may consider documents attached to, integral to, or relied upon by the complaint.  *In re*

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  The court may also

take judicial notice of relevant legal proceedings.  *S. Cross Overseas Agencies, Inc. v. Wah*

*Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).  A complaint should be

3

dismissed "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump*, 140 F.3d at 483. While the complaint is to be construed in the light most favorable to the plaintiff, the court need not accept the plaintiff's legal conclusions or draw unwarranted factual inferences. *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998).

**B.     Motion for a More Definite Statement pursuant to Rule 12(e)**

The Court must review Defendant's Motion for a More Definite Statement according to the standard set forth in Fed. R. Civ. P. 12(e). Rule 12(e) allows a party to file a motion for a more definite statement "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Fed. R. Civ. P. 12(e). Courts in this District have held, by in large, that "[m]otions for a more definite statement are disfavored, and are generally limited to remedying unintelligible, rather than insufficiently detailed, pleadings." *Briley v. City of Trenton*, 164 F.R.D. 26, 30 (D.N.J. 1995). Rather than vagueness of certain pleadings, "[t]he basis for granting [a Rule 12(e)] motion is unintelligibility" and that the complaint will be deemed sufficient for purposes of Rule 12(e) so long as a defendant "is able to respond, even if only with a 'simple denial, in good faith and without prejudice' . . . ." *K-Tronik N.A., Inc. v. Vossloh-Schwabe Matsushita*, No. 06-0729, 2006 U.S. Dist. LEXIS 28265, *12-13 (D.N.J. May 8, 2006).

**C.     Motion to Strike pursuant to Rule 12(f)**

The Court must review Defendant's Motion to Strike in accordance with the standard set forth in Fed. R. Civ. P. 12(f). Initially, the Court takes notice that motions to strike are generally

4

raised in the context of striking a defense, not affirmative claims such as Plaintiffs. Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  "A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." *River Road Devel. Corp. v. Carlson Corp.,* No. 89-7037, 1990 WL 69085 at *2 (E.D.Pa. May 23, 1990).

Despite Defendant's arguments to the contrary, legion cases have affirmed that motions to strike should be used sparingly, and generally are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Id.*; *Tonka Corp. v. Rose Art Industries, Inc.,* 836 F.Supp. 200, 217 -218 (D.N.J.1993); *Federal Deposit Insurance Corp. v. White,* 828 F.Supp. 304, 307 (D.N.J.1993); *Cipollone v. Liggett Group,* 789 F.2d 181, 188 (3d Cir.1986); *Glenside West Corp. v. Exxon Corp.,* 761 F.Supp. 1100, 1115 (D.N.J.1991); *U.F.C.W. Local 56 Health and Welfare Fund v. J.D.'s Market,* 240 F.R.D. 149 (D.N.J.2007). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that striking a pleading should be sparingly used by courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F.Supp.2d 606, 619-620 (D.N.J.2000); *U.S. v. Rohm and Haas Co.*, 939 F.Supp. 1142, 1151 (D.N.J.1996); *J & A Realty v. City of Asbury Park*, 763 F.Supp. 85, 87 (D.N.J.1991).

A motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact. *United States v. Marisol, Inc.,* 725 F.Supp. 833, 836 (M.D.Pa.1989); *Linker v. Custom-Bilt Mach., Inc.,* 594 F.Supp. 894, 898 (E.D.Pa.1984). Even where the facts are

5

not in dispute, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law. *Heller Fin. Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1295 (7th Cir.1989); *Glenside West Corp.,* 761 F.Supp. at 1115; *Marisol, Inc.,* 725 F.Supp. at 837. Our Courts will not strike a portion of pleading for want of conciseness when to do so would violate the requirement that all pleadings be so construed as to do substantial justice. *Sundholm v. Inland Steel Container Co.,* 5 F.R.D. 507, 508 (D.N.J.1946). The Court also recognizes that in ruling on a motion to strike every fact plead in the complaint is deemed admitted. *Sabatino v. Reading Co.,* 16 F.Supp. 215, 217 (D.N.J.1936); *Simmonds Aerocessories, Limited v. Elastic Stop Nut Corp. of America,* 158 F.Supp. 277, 278-279 (D.N.J.1958); *Excello Corp v. Connor,* 10 F.R.D. 288, 289 (D.N.J.1950).

## V.    DISCUSSION

### A.    Defendant's Application to Dismiss/Strike Plaintiffs Class Allegations in the Complaint, or alternatively, for a More Definite Statement.

Synthes contends that the Court should dismiss/strike Plaintiffs' class action allegations pursuant to Fed. R. Civ. P. 23 on the basis that putative application of divergent laws of multiple states destroys the class action predominance requirement, thus rendering the matter *ipso facto* unmanageable and class certification impossible. Alternatively, Synthes argues that, if the Court does not dismiss Plaintiffs' class action allegations, it is entitled to a more definite statement under Fed. R. Civ. P. 12(e) because Plaintiffs' Complaint does not properly allege nor is there a viable basis for class certification.[1]   (Def.'s Br. at 5-13).

---

[1]The Court is mindful of Synthes's arguments that challenge Plaintiffs' ability to certify a class in this case. Indeed, if Synthes's assertions are correct, Plaintiffs face challenges to their

According to Synthes, the issue of whether class allegations are sufficient can be resolved on a motion to dismiss. Fed. R. Civ. P. 23(d)(4); *General Tele. Co. v. Falcon*, 457 U.S. 147, 160 (1982). Synthes contends that this Court need not wait for a class certification motion to adjudicate class issues in instances -- as here, — where a court can decide such issues by looking at the facts of the complaint. According to Synthes, other courts in the District of New Jersey have stricken or dismissed class allegations at the pleading stage for lack of commonality and predominance. *Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398, 405 (D.N.J. 1999) (the court granted defendant's motion to dismiss the class allegations holding that the claims required individualized, fact-intensive inquiries which precluded class certification.) Per Synthes, resolving Plaintiffs' class action claims will require individualized fact specific choice of law inquiries into each device user's situation, and thus, are not suitable for class treatment. (Def.'s Br. at 6-12). Plaintiffs counter by arguing that Synthes's Motion is not the proper vehicle — either generally or in this case — for deciding class certification. Plaintiffs point out that other courts in this District have held that dismissal of class action allegations is only appropriate "in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Strzakowlski v. General Motors Corp.*, No. 04-4740, 2005 U.S. Dist. LEXIS 18111, *26 (D.N.J. Aug. 16, 2005). Instead, putative class plaintiffs are entitled to develop their claims (class or otherwise) through discovery.

---

eventual motion for class certification. At this stage,the district court, when reviewing the sufficiency of a complaint has a limited role. *Rowe*, 191 F.R.D. at 405. Here, Plaintiffs have pled that there are common questions of law and fact as to all members of the class, and Plaintiffs' claims are typical of the claims of the members of the class. Thus, this Court will not dismiss Plaintiffs' class action allegations without allowing Plaintiffs to conduct discovery to meet the challenges raised by Synthes.

This Court will deny Synthes's Motion at this stage in the litigation as premature. Fed. R. Civ. P. 23(c)(1), which governs certification of class actions, states that "[w]hen a person sues . . . as a representative of a class, the court must -- *at an early practicable time* -- determine by order whether to certify the action as a class action." Synthes is correct that a district court may strike class action allegations prior to discovery when presented with Rule 12(b)(6) motion. *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 (D.N.J. 2003). However, other decisions in this District teach that dismissal of class certification allegations should be ordered only "in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Id.*; *Strzakowlski*, 2005 U.S. Dist. LEXIS 18111 at *26; *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 338 (D.N.J. 1997); *Andrews v. Home Depot U.S.A., Inc.*, 2005 WL 1490474 (D.N.J. 2005); *Myers v. Medquist, Inc.*, 2006 WL 3751210 (D.N.J. 2006). Dismissal at this stage in the litigation would not allow Plaintiffs to fully develop their claims through discovery. Indeed, the usual practice favoring pre-certification discovery derives from the fundamental premise of Fed. R. Civ. P.12, which is that claims, including class claims, should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Decisions from our sister courts (and courts in a number of other jurisdictions) have made clear that dismissal of class allegations at this stage should be done rarely and that the better course is to deny such a motion because "the shape and form of a class action evolves only through the process of discovery." *Gutierrez v. Johnson & Johnson, Inc.*, No. 01-5302, 2002 U.S. Dist. LEXIS 15418, *16 (D.N.J. 2002). While it is Plaintiff's burden to prove that the proposed

8

class action satisfies each of the required elements of Rule 23(a) and one of the prerequisites of Rule 23(b) , see *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994), the "court may find it necessary . . . to analyze the elements of the parties' substantive claims and review facts revealed in discovery in order to evaluate whether the requirements of Rule 23 have been satisfied." *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.* at 338. Moreover, "[a]s a practical matter, the court's [certification decision] usually should be predicated on more information than the complaint itself affords . . . [and] [t]hus, courts frequently have ruled that discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis." 5C Wright, Miller & Kane, Federal Practice & Procedure Civil 3d § 1785.3. At this stage in the proceedings, the Court finds that Plaintiffs have pled sufficient facts to satisfy Rule 23(a) and (b) and, as such, the Court will address Plaintiffs' class action certification on a motion for class certification made under Rule 23(c) after Plaintiffs are given the opportunity to conduct discovery on class action status.

Synthes's final argument on this point is that it is entitled to a more definite statement under Fed. R. Civ. P. 12(e) as, "it cannot tell the bases under Rule 23 on which Plaintiff intends to proceed," and consequently, "[Plaintiffs'] allegations are hopelessly garbled, leaving Synthes uncertain as to the nature of the Plaintiff's [sic] class contentions." (Def.'s Br. at 14). In light of the Rule 12(e) precedent set forth above, *infra*, the Court finds this argument is equally unpersuasive. Plaintiffs' class allegations are not so vague that Synthes cannot, in good faith and without prejudice, frame a responsive pleading (as reflected by Synthes's concurrent filing of its answer along with the instant motion). As such, Synthes's application for a more definite statement is denied.

**B.** **Defendant's Application to Dismiss Counts II and III of the Complaint for Failure to State a Claim/Comply with Fed. R. Civ. P. 9(b).**

Synthes next argues that the Court should dismiss Counts II and III of the Complaint sounding in fraud and fraudulent concealment/misrepresentation respectively for failure to state a claim/comply with Fed. R. Civ. P. 9(b) and purportedly due to Synthes's Package Insert negating said claims. (Def.'s Br. at 14-16). Rule 9(b) provides in pertinent part, "in all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). Plaintiffs counter by stating that they have adequately plead their claims with the requisite particularity as required under Rule 9(b). (Pls.' Br. at 21-23).

The Court emphasizes that Rule 8(a) of the Fed. R. Civ. P. requires only notice pleadings which "merely requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006). Under these standards, Plaintiffs' claims do not satisfy Rule 8(a). In interpreting Rule 8, the Supreme Court has made clear that Rule 8(a) does not demand fact pleading nor that Plaintiffs' legal theories be set out in particularity. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *Weston v. Pennsylvania*, 251 F.3d 420, 428-30 (3d Cir. 2001). Instead, Rule 8 requires only that the complaint "provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* Under this lenient standard, it is clear that dismissal under Fed. R. Civ. P. 12(b)(6) would be inappropriate. However, Plaintiffs' fraudulent concealment/misrepresentation allegations and pleadings, taken in the light most favorable to Plaintiffs, are insufficient under Rule 9(b) to give Synthes fair and particular notice of the fraud claims against them nor do they satisfy the "simplified notice pleading standard" of Rule 8. *Swierkiewicz*, 534 U.S. at 512.

10

Therefore, the Court denies Defendant's application for dismissal, and grants Plaintiffs' request for leave to amend Counts II and III of the Complaint with particularity.

**C.     Defendant's Application to Strike or Dismiss Counts V and VI of the Complaint for Failure to State a Claim or as Redundant.**

Synthes next urges the Court to dismiss Counts V and VI of the Complaint sounding in breach of implied warranty and negligence respectively for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and purportedly due to both claims being redundant of Counts I and IV.   (Def.'s Br. at 17-18).  Plaintiff argues in opposition that Count V contains an inadvertent typographical error in Paragraph 51 and that the word "implied" should be substituted for the word "express." (Pls.' Br. at 23-24).  Count V then is clearly not "redundant" of any other counts, and thus, not subject to dismissal at this juncture.  Likewise, the Court finds that Count VI contains the same type of inadvertent typographical error in Paragraph 54 as Count V suffers, and thus, is also not subject to dismissal at this juncture.  Despite Defendant's assertions, Count VI further does not appear to state a claim, "for fraud on the FDA" or products liability, and therefore, is distinguishable and independent of Plaintiffs' other claims as a negligence cause of action. (Def.'s Br. at 18.)  Consequently, the Court denies Defendant's application to strike/dismiss Counts V and VI, and grants Plaintiffs' request for leave to amend these Counts of the Complaint to correct the referenced typographical errors .

**D.     Defendant's Application to Strike Paragraphs 39 and 53 of the Complaint.**

Synthes's Motion requests the Court strike/dismiss, "those portions of Paragraphs 39 and 53 that assert 'fraud on the FDA,' as such claims are preempted by the Medical Device Act"

11

("MDA"). *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 347-353 (2001). (Def.'s Br. at 18-19). While Plaintiffs acknowledge that *Buckman Co.* preempts "fraud on the FDA" claims pursuant to the MDA, Plaintiffs claim they are not asserting such a claim - their claim does not arise solely from a violation of FDA requirements. Plaintiffs argue that *Buckman Co.* provides for distinguishment of their claim such that they are not subject to MDA preemption. (Pls.' Br. at 24-25). The Court concurs with Plaintiffs' argument and denies Defendant's application to strike/dismiss these paragraphs from the Complaint at this juncture. The Court relies on the symbiotic holdings on this distinction issue set forth at length and in detail in *Medtronic Inc. v. Lohr* and *Dawson v. Ciba-Geigy Corp., U.S.A.* in support of its position. *Medtronic Inc. v. Lohr*, 518 U.S. 470, 495-501 (1996) (holding that plaintiff's products liability claims were not preempted where said claims did not solely rely on a MDA violation )); *Dawson v. Ciba-Geigy Corp., U.S.A.*, 145 F. Supp. 2d 565, 573 (D.N.J. 2001) (noting that the *Buckman Co.* preemption only applies where the proffered claim specifically relies on MDA regulations as an essential element of the claim as opposed to traditional state law tort remedies)).

### E.   Defendant's Application to Dismiss Mr. Ehrhart's Claim(s) for Failure to State a Claim.

Synthes's final application is to have Ehrhart's putative derivate loss of consortium and companionship claim(s) dismissed by the Court. (Def.'s Br. at 19). While the Court declines to dismiss Ehrhart's potential claim(s) at this juncture as premature and unwarranted, the Court grants Plaintiffs' application for leave to amend the Complaint to specifically state Ehrhart's alleged claim(s) with particularity as he is not even mentioned in the instant Complaint. As this

matter is still novel, Ehrhart is entitled to develop his potential *per quod* claim(s), especially in light of the strong precedent espoused above against dismissal/striking of claims at the initial pleading stage. As Defendant has failed to support its allegation of Ehrhart's lack of standing, the Court will decline to consider it. (Def.'s Br. at 19).

## V.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, Strike, or for a More Definite Statement pursuant to Fed. R. Civ. P. 12(b)(6), (e), (f) is **DENIED** in part and **GRANTED** in part.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S. M.J.